# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-01175-RGK (JPRx) | Date | March 25, 2019 |
|---|---|---|---|
| Title | *SUNRISE SURGICAL CENTER et al v. ANTHEM BLUE CROSS etc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Remanding Action to State Court**

On December 26, 2018, Sunrise Surgical Center and Oscar Maldonaldo ("Plaintiffs") filed a complaint against Anthem Blue Cross Life and Health Ins. Co., et al ("Defendants") alleging state common law claims based on Defendants' refusal to pay in full for medical services rendered, despite their alleged oral promise to do so.

On February 15, 2019, Defendants removed the action to this Court alleging jurisdiction on the grounds of federal question, specifically, complete preemption by ERISA. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants argue that the only basis for payment for services rendered are the Plan Documents, which are governed by ERISA. However, review of the complaint indicates that Plaintiffs' theory of recovery is based on an alleged oral promise made by Defendants over the phone that the cost of the services rendered would be paid in full. In this context, Defendants' assertion of ERISA preemption is made as an affirmative defense, which does not form the basis of federal jurisdiction.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-01175-RGK (JPRx) | Date | March 25, 2019 |
|---|---|---|---|
| Title | *SUNRISE SURGICAL CENTER et al v. ANTHEM BLUE CROSS etc.* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.


**IT IS SO ORDERED.**


_____ : _____

Initials of Preparer _____